IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal Action No. 19-00006-KD-B |
| ) | |
| DERICK A. JOHNSON, ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on Defendant Derick A. Johnson's motion for clarification regarding credit for time spent in a state facility (doc. 38). Upon consideration and for the reasons set forth herein, the motion is dismissed for lack of jurisdiction.

I. Background

On November 13, 2018, Johnson and another defendant robbed a restaurant. On November 15, 2018, Johnson was arrested by state law enforcement for Robbery, 3rd Degree, DC-2018-11029 (doc. 22, p. 10, Presentence Investigation Report).

Based upon the same robbery that occurred on November 13, 2018, Johnson was indicted in this Court on January 31, 2019 for the offenses of Hobbs Act robbery (Count One) and using, carrying, brandishing or possession of a firearm in furtherance of the robbery (Count Two) (doc. 1). Johnson pleaded guilty to both counts.

On June 21, 2019, he was sentenced to a total term of 108 months. At the time of sentencing, his related state court charge for Robbery 3rd Degree had been waived to the grand jury and was still pending (doc. 22, p. 10). The Court ordered as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
>
> 108 months. Said term consists of 24 months as to Count One and 84 months as to Count Two, said term to run consecutively to the custody sentence imposed in Count One; but concurrently with any yet to be imposed sentence in DC-2018-11029. Defendant is to receive credit for time served since November 15, 2018,

and the Court designates the state facility as the facility where he will serve his federal sentence.

(Doc. 31).

Review of the records in AlaCourt.com indicates that Johnson was never sentenced in DC-2018-11029.  This state district court action was bound over to the state grand jury.  An indictment was returned on June 19, 2019, in <u>State of Alabama v. Johnson</u>, CC-2019-002762-BBH (2019). Johnson's motion for release to enter federal custody was granted. He was released on December 18, 2019, and the case was moved to the administrative docket. AlaCourt.com https://v2.alacourt.com/frmCaseDetail.aspx?Code=Nil93b0I6I2HmsEgnkw6YSNczm5Zk3QXgw%2bogh1%2bngDOdqR0E6kiSA5KYoX72uV2 (last viewed October 5, 2022).

Johnson is presently incarcerated at FCI Jesup in Jesup, Georgia. His release date is July 17, 2026.

II. <u>Credit for time spent in a state facility</u>

Johnson raises two questions regarding his jail credit.  He asks whether he has received credit for time spent in custody since November 15, 2018, the date of his arrest for the related offense of Robbery 3rd degree.  Also, relying upon the Court's designation of the state facility as the facility where he would serve his federal sentence, Johnson asserts that the Bureau of Prisons has failed to give him credit for approximately seventeen (17) months in state prison from April 17, 2019 through September 27, 2020.  In support, Johnson provides a copy of his Alabama Department of Corrections Inmate Summary (doc. 38-1, p. 3).  During that time, Johnson was in state prison on an unrelated state offense. Specifically, on April 17, 2019, he pled guilty to receiving stolen property (doc. 22, p. 9).  Johnson's Inmate Summary indicates that this sentence was imposed to serve concurrent with his federal sentence.

He asks this Court to "look into this matter" and send him "a response with all the jail credit [he] was given in [his] federal sentence" (doc. 38, p. 1). Johnson also asks whether he would "get the jail credit that [he] did from 4-17-19 through 9-27-20 in the state facility the

federal judge ordered" (doc. 38).

However, decisions regarding credit for time spent in custody are made by the United States Bureau of Prisons, not the sentencing court. The Supreme Court has held that 18 U.S.C. § 3585(b) "does not authorize a district court to compute the credit at sentencing." United States v. Coates, 775 Fed. Appx. 669, 670–71 (11th Cir. 2019) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)). Instead, the Bureau of Prison has the authority to make that determination. United States v. Hardy, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted).

Thus, Johnson may ask the Bureau of Prisons to credit his time spent in state custody. If the BOP declines to award credit, he may pursue a "claim through the Bureau's Administrative Remedy Program." United States v. Leverette, 721 Fed. Appx. 916, 917 (11th Cir. 2018) (citing 28 C.F.R. § 542.10, et seq). After he has exhausted the administrative remedy procedures through the BOP, and he is dissatisfied with the result, he may seek judicial review of the credit computation by way of a petition pursuant to 28 U.S.C. § 2241. Id. Although, exhaustion of administrative remedies is no longer a jurisdictional requirement, it is still a requirement. Id.

Additionally, should Johnson decide to file a petition pursuant to 28 U.S.C. § 2241, he must do so in the federal district court in the district where he is incarcerated. Since Johnson is not incarcerated in the Southern District of Alabama - he is incarcerated at FCI Jesup in Jesup, Georgia - this Court would not have jurisdiction to hear his § 2241 petition

Since this Court is without authority to either give credit or to review any decision of the BOP with regard to jail credit, this motion is dismissed for lack of jurisdiction.

**DONE** and **ORDERED** this the 12th day of October 2022.

> /s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**